1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANNY JAMES COHEA,

11           Plaintiff,                 No. CIV S-09-998 JAM KJM P

12        vs.

13   S. ADCOCK, et al.,                 ORDER AND

14           Defendants.                FINDINGS & RECOMMENDATIONS

15   _____/

16         Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

17   42 U.S.C. § 1983.  He has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20         Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the

26   preceding month's income credited to plaintiff's prison trust account.  These payments shall be

1

1   collected and forwarded by the appropriate agency to the Clerk of the Court each time the

2   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3   § 1915(b)(2).

4            The court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

8   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9   U.S.C. § 1915A(b)(1),(2).

10           A claim is legally frivolous when it lacks an arguable basis either in law or in

11   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

12   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.

14   Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

15   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

16   639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.  A complaint, or portion thereof, should

17   only be dismissed for failure to state a claim upon which relief may be granted if it appears

18   beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would

19   entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)  (1969).

20           Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

21   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

23   Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).  A complaint must

24   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

25   factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

26   "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair

2

1    notice of what the . . . claim is and the grounds upon which it rests."'" <u>Erickson v. Pardus</u>, 551

2    U.S. 89, 127 S.Ct. 2197 (2007).  In reviewing a complaint under this standard, the court must

3    accept as true the allegations of the complaint, <u>id.</u>, and construe the pleading in the light most

4    favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

5            In addition to screening for sufficiency of the allegations, a district court may

6    dismiss an untimely complaint sua sponte so long as there has been no waiver of the defense.

7    <u>Levald, Inc. v. City of Palm Desert</u>, 998 F.2d 680, 687 (9th Cir. 1993); <u>see also</u> <u>Hughes v. Lott</u>,

8    350 F.3d 1157, 1163 (11th Cir. 2003) (sua sponte dismissal of prisoner's untimely complaint);

9    <u>Nasim v. Warden, Maryland House of Corrections</u>, 64 F.3d 951, 955-56 (4th Cir. 1995) (same).

10            Plaintiff alleges that the defendants took a number of actions against him, all in

11   retaliation for his grievances and complaints about conditions in CSP-Folsom's B-Facility.

12   Specifically, he alleges that on January 24, 2001, defendant Adcock filed a false rules violation

13   report against him; this report was endorsed by defendants Sims, Schievelbein and Hill around

14   the same date; on January 29, 2001, defendant Adcock filed another false incident report, which

15   was endorsed by defendants Rosario, Schievelbein, Hill and Sims; on January 24, 2001,

16   defendants Scogin, Flory and Kelly refused to pack plaintiff's legal property and broke

17   plaintiff's color television; on January 31, 2001, defendants Schievelbein, Goghnour and Sanders

18   relied on defendant Adcock's falsified reports in removing plaintiff from B-Facility, from his

19   work group and Level III status; on or about February 22 and March 1, 2001, defendants

20   Stockton and Padovan violated plaintiff's rights to present exculpatory evidence and to a fair

21   hearing on the falsified rules violation report; between May 13, 2001 and January 22, 2002,

22   defendants Scarsella, Bunnell and Rianda denied plaintiff's grievances stemming from Adcock's

23   false reports.  Plaintiff further alleges that his administrative grievances were exhausted on

24   January 22, 2002.

25            Because section 1983 does not contain a statute of limitations, federal courts

26   apply the forum state's statute of limitations for personal injury actions and incorporate the

3

1   forum state's law of tolling, both statutory and equitable, unless it is inconsistent with federal

2   law.  Canatella v. Van De Kamp, 486 F.3d 1128, 1132-33 (9th Cir.), cert. denied, __ U.S. __,

3   128 S. Ct. 669 (2007).   As of January 1, 2003, California's statute of limitations for personal

4   injury actions is two years; before that, it was a year.  Maldonado v. Harris, 370 F.3d 945,

5   954-55 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1.  However, because the amended statute is

6   not retroactive, "any cause of action that was more than one-year old as of January 1, 2003,

7   would be barred under the previous one-year statute of limitations."  Canatella, 486 F.3d at

8   1132-33; Cal. Civ. Proc. Code § 335.1.  California law includes a provision tolling the statute of

9   limitations for a period not to exceed two years because of imprisonment.  Cal. Civ. Proc. Code §

10  352.1; see Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).  In addition, the statute of

11  limitations is tolled while a prisoner exhausts his administrative remedies.  Brown v. Valoff, 422

12  F.3d. 926, 943 (9th Cir. 2005).

13          Although state law supplies the statute of limitations, federal law defines when a

14  cause of action accrues, which is when the plaintiff knows or has reason to know of the injury

15  that forms the basis of the action.   According to the allegations of the complaint, plaintiff knew

16  of the injuries in 2001 and 2002 and the administrative exhaustion process was completed on

17  January 22, 2002.  Accordingly, the statute of limitations for these claims expired in January

18  2006.

19          IT IS HEREBY ORDERED that plaintiff's motions to proceed in forma pauperis

20  (doc. nos. 8 & 9 ) are granted.

21  /////

22  /////

23  /////

24  /////

25  /////

26  /////

1        IT IS HEREBY RECOMMENDED that this action be dismissed as untimely.

2        These findings and recommendations are submitted to the United States District

3  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

4  days after being served with these findings and recommendations, any party may file written

5  objections with the court and serve a copy on all parties.  Such a document should be captioned

6  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

7  shall be served and filed within ten days after service of the objections.  The parties are advised

8  that failure to file objections within the specified time may waive the right to appeal the District

9  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

10 DATED:   September 28, 2009.

11                                                                 _____

12                                                                 U.S. MAGISTRATE JUDGE

13

14 2
   cohe0998.57

15

16

17

18

19

20

21

22

23

24

25

26