IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

    Plaintiff,                    No. CIV S-09-0998 JAM KJM P

  vs.

S. ADCOCK, et al.,

    Defendants.          <u>ORDER</u>

_____/

        Plaintiff, a state prisoner, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. He has filed a motion to recuse the undersigned magistrate judge and a motion for judicial intervention and has submitted documents for service of the complaint.

I. <u>Motion To Recuse</u>

        Under 28 U.S.C. § 144, if "the judge before whom the matter is pending has a personal bias or prejudice either against [the complaining party] or in favor of any adverse party, ... [she] shall proceed no further...." Under 28 U.S.C. § 455(a), "[a]ny ... judge ... shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." Under both recusal statutes, the substantive standard is whether there is a reasonable question about the judge's impartiality. <u>United States v. Hernandez</u>, 109 F.3d 1450, 1453 (9th Cir. 1997).

/////

In <u>Liteky v. United States</u>, 510 U.S. 540 (1994), the Supreme Court held that alleged bias must usually stem from an extrajudicial source. <u>Id</u>. at 554-56. The Court said:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves ... they cannot possibly show reliance upon an extrajudicial source.... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible

<u>Id</u>. at 555 (internal citations omitted).

Plaintiff's motion is based on the undersigned's rulings in <u>Cohea v. Salter</u>, 06-2260 GEB KJN[1] and in the instant case. He acknowledges the <u>Liteky</u> holding, but argues that the rulings, which he contends are contrary to law, show the undersigned is biased against him. The court does not find that the rulings suggest bias.

II. <u>Motion For Court Intervention</u>

The court found the complaint appropriate for service on defendants Stockton, Hill, Scarsella and Schievelbein, among others. On April 16, 2010, the Marshal filed notice that summons were returned unexecuted as to these defendants (docket no. 20). Plaintiff avers that he has sought information from CDCR and was told that Hill and Schievelbein may be served at Folsom State Prison. The memo from CDCR said that there was no current address on Scarsella, who no longer works at CDCR, and that Stockon could not be identified as a current or past employee. Plaintiff seeks judicial intervention.

Because plaintiff is seeking to identify the person at CDCR who corresponds with defendant Stockton, he may be able to secure more particulars during the discovery process. It is unlikely that plaintiff will be able to secure Scarsella's address through discovery, however, so intervention is appropriate with respect to that defendant.

---

[1] The case was reassigned to Magistrate Judge Kendall J. Newman as part of a random reassignment when he was appointed.

III.  Service On Defendants Hill And Schievelbein

By an order filed May 12, 2010, this court ordered plaintiff to complete and return to the court, within thirty days, the USM-285 forms and copies of his complaint which are required to effect service on the defendants.  On July 1, 2010, plaintiff submitted the USM-285 forms but failed to return the copies of the complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to return the copy of the complaint submitted by plaintiff on April 13, 2009;

2. Within thirty days, plaintiff shall submit to the court the copies of the complaint required to effect service;

3. Plaintiff's motion for an order recusing the undersigned (docket no. 29) is denied; and

4. Plaintiff's motion for judicial intervention (docket no. 32) is:

(a)  Denied insofar as plaintiff seeks information on defendant Stockton; and

(b)  Granted insofar as the court requests that counsel for the defendants provide, under seal, any information he has or may secure from CDCR about defendant Scarsella's address, within twenty-eight days from the date of this order.

DATED: July 19, 2010.

_____
U.S. MAGISTRATE JUDGE

2/md
cohe0998.8f