IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANNY JAMES COHEA,

    Plaintiff,                  No. CIV S-09-0998 JAM JFM (TEMP) P

   vs.

S. ADCOCK, et al.,

    Defendants.           ORDER

_____/

        Plaintiff is a California prisoner proceeding pro se and in forma pauperis (IFP) with an action filed under 42 U.S.C. § 1983. On December 17, 2010, the court ordered plaintiff to show cause why his IFP status should not be revoked pursuant to 28 U.S.C. § 1915(g) since plaintiff, on three occasions prior to the filing of this action, had cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. The court identified the following cases as constituting "strikes" under § 1915(g):

        1. <u>Cohea v. Kirshner</u>, CIV-S-94-2105 GEB JFM P;

        2. <u>Cohea v. Jones</u>, CIV-F-95-5384 REC DLB P; and

        3. <u>Cohea v. Bray</u>, CIV-S-97-0366 FCD DAD P.

        Plaintiff makes three essential arguments as to why the court should not revoke his IFP status. First, he claims that <u>Cohea v. Kirshner</u> was closed before § 1915(g) was enacted

1

and therefor cannot constitute a "strike."  However, the argument that a case which was closed prior to enactment of § 1915(g) cannot be used as a "strike" was rejected in Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

Second, plaintiff asserts that Cohea v. Kirshner was not dismissed as frivolous, malicious or for failure to state a claim because those exact words were not used in the court's August 18, 1995 recommendation that the case be dismissed or in the October 10, 1995 order adopting that recommendation.  In the findings and recommendations, the court:  1) identifies that dismissal under the then-current version of 28 U.S.C. § 1915(d) is authorized for claims that are frivolous or malicious; (2) identifies the standards for determining whether a claim is frivolous or malicious; and (3) determines that plaintiff can not proceed on the facts alleged. While the court did not specially state at the end of the findings and recommendations that plaintiff's claims should be dismissed because they are frivolous or malicious, that is the clear implication.  That recommendation was then adopted by the district court judge assigned to the case.  For these reasons, plaintiff's second argument must be rejected.

Finally, plaintiff suggests that the dismissals of the three cases cited above on the grounds that they are either frivolous, malicious or fail to state a claim upon which relief can be granted are improper.  Under § 1915(g), the court asks simply whether the cases potentially qualifying as "strikes" were dismissed as frivolous, malicious or for failure to state a claim, not whether dismissal on those grounds was proper.  The appropriate place to present such an argument would be on appeal.  See Granillo v. Corrections Corp. of America, No. CV 09-2667-PHX-DGC (DKD), 2010 WL 1250734, at *2 (D. Ariz., March 24, 2010) (district court refused to re-litigate cases identified as "strikes").

In light of the forgoing, the court finds that plaintiff has not met his burden of demonstrating that the three cases identified by the court in the court's December 17, 2010 order to show cause do not constitute "strikes" for purposes of  28 U.S.C. § 1915(g), see Andrews v.
/////

King, 398 F.3d 113, 1120 (9th Cir. 200), and he has not provided any other reason why his IFP status should not be revoked.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's in forma pauperis status is revoked;

2. Plaintiff shall submit the $350 filing fee to the court within twenty-one days. Failure to submit the filing fee will result in findings and recommendations recommending that this action being dismissed under Rule 41(b) of the Federal Rules of Civil Procedure.

DATED: January 20, 2011.

UNITED STATES MAGISTRATE JUDGE

kc
cohe0998.rifp